-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JOSE QUEZDA, O4-A-3960,

                    Plaintiff,

                                                    DECISION AND ORDER
            -v-                                     06-CV-0228Sc

THOMAS POOLE (Supt. Five Points Correctional Facility),
THOMAS EAGAN (N.Y.S. Department of Correctional Services,
C.O.R.C Director), L.T. PRENTICE (Five Points Corr.,
Facility Watch Commander), SGT. WHEELER
(Five Points Corr., Facility Unit Sergeants),
J. SZCZGIEL (Five Points Corr., Facility Unit Sergeants),
R. WILLIAMS (Five Points Corr., Facility Officer),
C. MASON (Five Points Corr., Facility Officer),
B. A. GOODWIN (Five Points Corr., Facility's M.D. Staff),
J.P. GREGOIRE (Five Points Corr., Facility Health Services Director), and
DR. WEINSTOCK (Five Points Corr., Facility M.D.),[1]

                    Defendants.

## INTRODUCTION

        Plaintiff, Jose Quezada, an inmate of the Five Points Correctional Facility, has filed this *pro*

*se* action seeking relief under 42 U.S.C. § § 1981, 1983, 1985 and 1986 (Docket No. 1), and has both

requested permission to proceed *in forma pauperis* and filed a signed Authorization (Docket Nos.

2 and 5 ). Plaintiff claims that the defendants, various officials, supervisors, officers and medical

personnel of the New York State Department of Correctional Services violated his rights when, *inter*

*alia*, they failed to house him in a cell with an available bottom bunk despite a confirmed medical

need for a bottom bunk, and retaliated against him and conspired to discriminate against him on

_____

[1]While Dr. Weinstock is not listed in the Caption of the Complaint filed by plaintiff, he is listed as a party in
the "Parties to this Action" Section of the Complaint. (Docket No. 1, Complaint, Section 5, p. 13).

account of his race and color ("Black Dominican"), and religion (Catholic). For the reasons discussed below, plaintiff's request to proceed as a poor person is granted and several of his claims are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, and service by the U.S. Marshals is ordered with respect to the remaining claims.

## DISCUSSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to this action, plaintiff is granted permission to proceed *in forma pauperis*. Sections 1915(e)(2)(B) and 1915A(a) of 28 U.S.C. require the Court to conduct an initial screening of this complaint. In evaluating the complaint, the Court must accept as true all factual allegations and must draw all inferences in plaintiff's favor. *See King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). Dismissal is not appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *and see Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998).

### A. Plaintiff's Allegations

Plaintiff alleges that when he was transferred to the Five Points Correctional Facility ("Five Points') on May 5, 2005, he informed the medical staff and others that he had a knee injury (Anterior Cruciate Ligament ("ACL") surgery) and that he needed a bottom bunk and other accommodations. He claims that there was medical documentation from his previous facility, Metropolitan Correctional Facility, regarding the injury and the issuance of a bottom bunk permit from that Facility. On May 22, 2005, plaintiff was moved to a different housing unit and was assigned to a top bunk despite his documented medical condition and needs.

2

(Complaint, ¶¶ 1-2).  On May 27, 2005, defendant Williams, a correctional officer, ordered plaintiff to pick up his mattress from the floor--where plaintiff had placed it--and place it back on the top bunk despite the fact that plaintiff had notified both Williams and defendant Mason, another correctional officer, of his medical need for a bottom bunk.  Two days later, as plaintiff was getting down from the top bunk, his knee gave out and he fell hard to the ground; he claims to have suffered injuries to his neck, shoulder and lower back and to have been transferred to an emergency clinic through May 30, 2005 for treatment.  (*Id.*, ¶¶ 3-5).

On May 31, 2005, plaintiff was seen by defendant Dr. Gregoire, the Facility Health Director, who again assigned him to a top bunk and plaintiff was again forced to sleep on the floor.  Plaintiff was not assigned to a bottom bunk until June 2, 2005, when a permit issued by Dr. Gregoire on May 27, 2005, was finally received by plaintiff.  Plaintiff claims that after he showed Williams the permit, he was still denied a bottom bunk.

During this initial period of time (May 27 through June 2, 2005) and after, plaintiff filed a number of grievances regarding the bottom bunk issue and other issues, including what he claims were various forms of retaliation and harassment by Williams, *e.g.*, denial of food, recreation and sick call slips.  Plaintiff therefore claims that defendants Poole, Superintendent of Five Points, and Eagen, Director, Central Office Review Committee, through their respective roles in the grievance process, were "subjectively aware" of plaintiff's complaints regarding the bottom bunk and harassment by Williams.  Plaintiff also claims that defendant Prentice, the Watch Commander, was subjectively aware of his medical condition on May 25, 2005 when he observed plaintiff sleeping on the floor and wearing his knee brace; that defendant Sergeant Wheeler was told by plaintiff on numerous occasions prior to the fall of plaintiff's medical

3

condition and need for a bottom bunk but took no action; and that defendant Sergeant Szczgiel was aware of plaintiff's knee injury but ignored the medical authorization for a bottom bunk.

Plaintiff further claims that defendant Dr. Weinstock, his primary care provider at Five Points, was aware of his need for a bottom bunk based on his receipt of documentation from plaintiff's previous correctional facility and that he delayed issuing the bottom bunk permit; that defendant Goodwin, a registered nurse, denied plaintiff access to the doctor on several occasions in May and June 2005, joked about plaintiff's claims of bloody urine and signed a memo during plaintiff's grievance review that plaintiff did not fit the "criteria" for a bottom bunk; and that defendant Dr. Gregoire was aware of plaintiff's knee injury a couple of weeks before the fall after he consulted with Dr. Weinstock but refused to issue a bottom bunk permit at that time.

Plaintiff alleges five separate causes of action: First, a claim under 42 U.S.C. § 1983 alleging a conspiracy among the defendants to violate both plaintiff's Eighth Amendment right to be free from cruel and unusual punishment and First Amendment right to freedom of religion based on allegations of harassment and retaliation related to plaintiff's race, color and religion; Second, a claim under 42 U.S.C. § 1985 against Williams and others alleging a conspiracy to discriminate against plaintiff based on plaintiff's race, color and religion; Third, a claim under 42 U.S.C. § 1981, based on allegations that defendants violated plaintiff's rights to equal protection when they discriminated against him based on his race, color and religion; Fourth, a claim under 42 U.S.C. § 1986 based on allegations of a conspiracy among the defendants to deprive plaintiff of his constitutional rights; and Fifth, a claim under 42 U.S.C. § 1983 based on allegations that defendants were aware of plaintiff's medical condition but deliberately denied him a bottom bunk both before and after the fall. (Complaint, "Causes of Action" Section, pp. 13-15).

4

For the following reasons, the Court finds that (1) plaintiff's claims under 42 U.S.C. § 1981, 1985 and 1986 must be dismissed because they fail to state a claim on which relief can be granted, (2) plaintiff's claims under 42 U.S.C. § 1983, to the extent they allege (i) a conspiracy to violate plaintiff's rights under the First and Eighth Amendments, (ii) a freedom of religion claim, and (iii) claims of harassment and retaliation based on plaintiff's race, color and religion, and his filing of grievances must be dismissed because said claims fail to state a claim on which relief can be granted, and (3) the only claim that will proceed is the claim against the defendants that they were deliberately indifferent to plaintiff's knee injury and failed to assign him to a bottom bunk prior to and after his fall on May 29, 2005.

1.) <u>Dismissal of First, Second and Fourth Causes of Action: 42 U.S.C. § § 1983, 1985 and 1986.</u>

As noted, plaintiff's First, Second and Fourth Causes of Action, liberally construed, allege a conspiracy among the defendants, in violation of 42 U.S.C. § § 1983, 1985 and 1986, to deprive plaintiff of his rights under the First (freedom of religion) and Eighth Amendments (cruel and unusual punishment), and to harass and retaliate against plaintiff based on his race, color and religion, *i.e.*, a "Black Dominican" or "Black Catholic." These claim must be dismissed, in their entirety, because they are based on nothing more than wholly conclusory allegations that the denial of a bottom bunk and the alleged harassment or retaliation by Williams or others was based on the fact that plaintiff is a Black Dominican who is Catholic.[2]

---

[2]To state a cause of action under § 1985, a plaintiff must allege:

(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of equal protection of the laws, or equal privileges and immunities under the laws; [and] (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured or deprived of any right of a citizen of the United States.

*Mian v. Donaldson, Lufkin & Jenrette Securities*, 7 F.3d 1085, 1087-88 (2d Cir. 1993) (citing *United Brotherhood of*

"A complaint containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss," *Sommer v. Dixon*, 709 F.2d 173, 175 (2d Cir.) (per curiam), *cert. denied*, 464 U.S. 857 (1983); *see also Leon v. Murphy*, 988 F.2d 303, 311 (2d Cir. 1993), and thus a plaintiff may not rely on mere hope that further evidence will develop to support his claim of conspiracy. *Leon*, 988 F.2d at 311. A plaintiff must allege specific facts in his complaint to support his allegations of a conspiracy. *Leon*, 988 F.2d at 311 (citing *Eastway Constr. Corp. v. City of New York*, 762 F.2d 243, 251 (2d Cir. 1985) ("'[W]here a plaintiff fails to produce any specific facts whatsoever to support a conspiracy allegation, a district court may, in its discretion, refuse to permit discovery and grant summary judgment'") (quoting *Contemporary Mission, Inc. v. United States Postal Serv.*, 648 F.2d 97, 107 (2d Cir.1981)).

Thus, in order to state a cognizable claim that two or more defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights, plaintiff must allege facts sufficient to establish an agreement among the alleged conspirators. *See, e.g.*, *Spear v. Town of West Hartford*, 954 F.2d 63, 68 (2d Cir.), *cert. denied*, 506 U.S. 819 (1992); *Salahuddin v. Cuomo*, 861 F.2d 40, 43 (2d Cir. 1988). While a plaintiff should not plead mere evidence, he should make an effort to provide some "details of time and place and the alleged effect of the conspiracy." 2A Moore's Federal Practice ¶ 8.17[6], at 8-109 to 8-110 (2d ed. 1992).

---

*Carpenters, Local 610 v. Scott*, 463 U.S. 825, 828-29 (1983)), *cert. denied*, 516 U.S. 824 (1995). The conspiracy must be motivated by racial or related class-based discriminatory animus. *Local 610*, 463 U.S. at 835-37; *Mian*, 7 F.3d at 1088.

Section 1986 imposes liability on an individual who has knowledge of discrimination prohibited under § 1985. Hence, a § 1986 claim is contingent on a valid § 1985 claim. *Mian*, 7 F.3d at 1088. Since plaintiff does not have a valid § 1985 claim, he does not have a valid § 1986 claim either. *Graham v. Henderson*, 89 F.3d 75, 82 (2d Cir. 1996).

Complaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights may properly be dismissed. *Leon*, 988 F.2d at 311.

Here, plaintiff has alleged no facts in support of his contention that the defendants' actions were motivated by plaintiff's race, color or religion, or his filing of grievances. Plaintiff's allegations of conspiracy are vague and conclusory and are supported by no specific facts. Complaints containing only conclusory, vague or general allegations of a conspiracy to deprive a person of constitutional rights do not state a claim for relief. *See, e.g., Brown v. City of Oneonta*, 106 F.3d 1125, 1133 (2d Cir. 1997) (citing *Sommer v. Dixon*, 709 F.2d 173, 175 (2d Cir.), *cert. denied*, 464 U.S. 857 (1983)); *Hunt v. Budd*, 895 F.Supp. 35, 38 (N.D.N.Y. 1995) (granting motion to dismiss a pro se plaintiff's claims of conspiracy and racial discrimination because "[t]he Second Circuit has repeatedly held that complaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning") (citation omitted). Plaintiff's conspiracy allegations are simply insufficient to state a claim upon which relief may be granted and therefore the conspiracy claims under § § 1983, 1985 and 1986 must be dismissed.

Additionally, to the extent plaintiff's First Cause of Action can be construed to allege a claim of retaliation based on plaintiff's filing of grievances it must be dismissed.   To state a retaliation claim under § 1983, "a plaintiff must show that: (1) his actions were protected by the Constitution or federal law; and (2) the defendant's conduct complained of was in response to that protected activity." *Friedl v. City of New York*, 210 F.3d 79, 85 (2d Cir. 2000) (internal

quotation and citation omitted).  As to the second prong, a prisoner alleging retaliation must

show that the protected conduct was "a substantial or motivating factor" behind the alleged

retaliatory conduct.  *See Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996).  Evidence that can

lead to an inference of improper motive includes: (1) the temporal proximity of the filing of a

grievance and the alleged retaliatory act; (2) the inmate's prior good disciplinary record; (3)

vindication at a hearing on the matter; and (4) statements by the defendant regarding his motive

for disciplining plaintiff.  *See Colon*, 58 F.3d at 872-73.

     To survive a motion to dismiss, a retaliation claim must be "'supported by specific and

detailed factual allegations,'" and not stated "'in wholly conclusory terms.'"  *Friedl*, 210 F.3d at

85-86 (quoting *Flaherty*, 713 F.2d at 13); *see also Graham*, 89 F.3d at 79 (wholly conclusory

claims of retaliation "can be dismissed on the pleadings alone"); *Gill v. Mooney*, 824 F.2d 192,

194 (2d Cir. 1987) (same).

     Moreover, only those retaliatory acts that are likely to "chill a person of ordinary firmness

from continuing to engage" in activity protected by the First Amendment are actionable under §

1983; in other words, allegations of *de minimis* acts of retaliation do not state a claim under §

1983.  *Thaddeus-X v. Blatter*, 175 F.3d 378, 397 (6th Cir. 1999) (cited with approval in *Dawes v.

Walker*, 239 F.3d 489, 492 (2d Cir. 2001), *overruled on other grounds, Swierkiewicz v. Sorema

N.A.*, 534 U.S. 506 (2002).).   "'Prisoners may be required to tolerate more than public

employees, who may be required to tolerate more than average citizens, before a[ retaliatory]

action taken against them is considered adverse.'"  *Id.*

     Plaintiff's allegation of retaliation are wholly conclusory and lack any facts which, if

proven, would establish that defendant Williams or others took any action against plaintiff in

retaliation for plaintiff filing grievances against them.  There are no allegations of any actions

that would have "chill[ed] a person of ordinary firmness" from challenging the defendants'

alleged conduct through the filing of grievances.  As plaintiff himself alleges, he has filed a

number of grievances during his incarceration at Five Points.  The gravaman of the complaint is

that plaintiff was not provided a bottom bunk despite his documented medical need for such; it is

not retaliation or discrimination.  Plaintiff's claims of discrimination and retaliation based on his

race, color or religion and his filing of grievances are simply not supported by any facts to

support said claims and must be dismissed.  Accordingly, plaintiff's claims of violations of 42

U.S.C. § § 1983, 1985 and 1986 as set forth in the First, Second and Fourth Causes of Action

must be dismissed.

>        2.  Third Cause of Action: 42 U.S.C. § 1981

Plaintiff alleges that the defendants have denied him equal protection of the law based on

his race, color and religion--*i.e.*, a Black Dominican follower of the Catholic faith-- in violation

of 42 U.S.C. § 1981.  (Complaint, Third Cause of Action, p. 14).  This claim is based on all the

same allegations relating to the denial of a bottom bunk and retaliation that the other Causes of

Action are based on.  42 U.S.C. § 1981 provides in relevant part:

>    All persons within the jurisdiction of the United States shall have
>    the same right ... to make and enforce contracts, to sue, be parties,
>    give evidence, and to the full and equal benefit of all laws and
>    proceedings for the security of persons and property as is enjoyed
>    by white citizens, and shall be subject to like punishment, pains,
>    penalties, taxes, licenses, and exactions of every kind, and to no
>    other.

Thus in order to state a claim under this statute, a plaintiff must allege facts in support of the

following elements:  (1) the plaintiff is a member of a racial minority; (2) that the defendant

against whom the claim is asserted had an intent to discriminate against plaintiff on the basis of plaintiff's race; and (3) the discrimination concerned one or more of the activities enumerated in the statute (i.e., make and enforce contracts, sue and be sued, give evidence, etc.). *Mian*, 7 F.3d at 1087.

Initially, the Court notes that the complaint fails to set forth any facts to support a claim that the defendants acted with any intent to discriminate against plaintiff on the basis of his race or color--Black Dominican. Moreover, there are no allegations that any of the discrimination alleged to have occurred concerned one of the activities set forth in the statute. Accordingly, plaintiff's claim under § 1981 as set forth in the Third Cause of Action must be dismissed.

## CONCLUSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to the filing fee, his request to proceed *in forma pauperis* is hereby granted. For the reasons discussed above, plaintiff's claims as set forth in the First, Second, Third and Fourth Causes of Action are dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A, and the U.S. Marshal is directed to serve the summons and complaint on the named defendants regarding the sole remaining claim, as set forth in the Fifth Cause of Action, that the defendants violated the Eighth Amendment in relation to the refusal or failure to provide plaintiff a bottom bunk.

## ORDER

IT HEREBY IS ORDERED, that plaintiff's request to proceed *in forma pauperis* is granted;

FURTHER, that the First, Second, Third and Fourth Causes of Action are dismissed with prejudice;

FURTHER, that the Clerk of the Court is directed to file plaintiff's papers, and to cause the United States Marshal to serve copies of the Summons, Complaint, and this Order upon Thomas Poole, Thomas Eagan, L.t. Prentice, Sgt. Wheeler, J. Szczgiel, R. Williams, C. Mason, B. A. Goodwin, J.P. Gregoire, and Dr. Weinstock, without plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in plaintiff's favor;

FURTHER, that pursuant to 42 U.S.C. § 1997e(g)(2), the defendants are directed to respond to the complaint.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

DATED:   August 9, 2006
Rochester, New York

11